UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:22-cr-00050 |
| v. ) | No. 3:23-cr-00146 |
| ) | |
| SCOTTY THOMAS LUMLEY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Government's Unopposed Motions to Correct Clerical Error in the Statement of Reasons (Doc. Nos. 35, 51). Defendant pled guilty in two separate criminal cases: (1) Case No. 3:22-cr-00050 ("Tennessee case") and (2) Case No. 3:23-cr-00146 ("Utah case"). The Utah case was transferred to this district pursuant to Federal Rule of Criminal Procedure 20. In the Tennessee case, Defendant was named in a 23-count Indictment, charging him with six counts of bank fraud (Counts 1–6), two counts of transactional money laundering (Counts 7, 8), one count of wire fraud (Count 9), one count of false statements to the Internal Revenue Service (Count 10), and thirteen counts of employment tax fraud (Counts 11–23) (Doc. No. 3). Defendant pled guilty to Counts 1–6, 9 and 11–23 (Doc. No. 36).[1] In the Utah case, Defendant was named in a 5-count Indictment charging him with five counts of Wire Fraud (Counts 1–5) (Doc. No. 1-2) and pled guilty to all counts (Doc. No. 15).

Each case had a separate plea agreement. The plea agreement in the Tennessee case did not recommend a sentence. In the Utah case, the plea agreement contained the following recommendation:

---

[1] At sentencing, the Government moved to dismiss Counts 7, 8, 10.

> both the United States and Defendant will each recommend that all but 12 months of Defendant's sentence in this case should be served concurrently with any sentence of imprisonment in 3:22-cr-00050. The United States and Defendant will each recommend that 12 months of Defendant's sentence in this case should be served consecutively to any sentence of imprisonment in 3:22-cr-00050.

(Doc. No. 15)

When the parties entered into the plea agreements, they anticipated receiving two presentence reports. However, the Probation Office prepared a single presentence report for both cases. This resulted in one guideline calculation for both cases. The Guidelines required that some of the counts be grouped. Counts 1–6 and 9 (Wire Fraud) in the Tennessee case were grouped with Counts 1–5 (Wire Fraud) in the Utah case because the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior. U.S.S.G. § 3D1.2(d). <u>See</u> Presentence Report at 14. Additionally, Counts 11–23 (Employment Tax Fraud) in the Tennessee case were grouped for the same reason. Accordingly, the guideline range was 63 to 78 months.

At sentencing, the Court imposed a sentence of 47 months total: 35 months in the Tennessee case and 12 months in the Utah case to run consecutive to the sentence in the Tennessee case. (Doc. Nos. 33, 49). After sentencing, the Court entered a Judgment and Statement of Reasons (<u>See</u> Doc. Nos. 33, 34, 49, 50). The Statement of Reasons in both cases reflect that the Court varied downward pursuant to a plea agreement. (Doc. Nos. 34 at 3, 50 at 3). The Government now moves for an amended Statement of Reasons pursuant to Federal Rule of Criminal Procedure 36 because the Statement of Reasons states that the Court varied downward pursuant to a plea agreement (Doc. Nos. 35, 51).

The Government argues that the Statement of Reasons contain an error because the plea agreements did not include an agreement to jointly recommend a downward variance. The Court has authority to correct clerical errors under Federal Rule of Criminal Procedure 36. United States v. Robinson, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 provides that after giving any notice it considers appropriate, the Court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission. Fed. R. Crim. P. 36. The Sixth Circuit has held that a "clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." Robinson, 368 F.3d 653 at 656. Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. Id. "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to effectuate its unexpressed intentions at the time of sentencing." Id. at 656–57 (quoting United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995)).

Neither the Tennessee plea agreement nor Utah plea agreement included a recommendation for a downward variance. The Utah plea agreement recommended that all but 12 months of Defendant's sentence in the Utah case be served concurrently with any sentence of imprisonment in the Tennessee case. The Court could have imposed a sentence below, within, or above the guideline range in both cases. The Court indeed varied downward because the sentences imposed in both the Tennessee and Utah case—35 months and 12 months, respectively—are below the 63 to 78 months guideline range. However, the Court did not vary downward from the guideline range pursuant to a plea agreement. Instead, the Court varied downward pursuant to a defense motion. Thus, the Statement of Reasons contain an error.

The error, however, resulted from oversight because the Court selected the wrong reason for the variance. Correcting the error in the Statement of Reasons would not effectuate an unexpressed intention at the time of sentencing. Rather, it would effectuate the expressed intentions at sentencing because the Court varied downward because of a defense motion and after considering the factors set forth in 18 U.S.C. 3553(a). Correcting the error would not alter Defendant's guidelines range, sentence, or conditions of supervised release. The conditions will remain the same. Amending the Statement of Reasons only corrects "errors in the transcription" of it. Robinson, 368 F.3d 653 at 656–57. Thus, this is the type of error contemplated by Rule 36. Accordingly, the Statement of Reasons should reflect that the Court varied downward from the guideline range pursuant to a defense motion for a variance to which the Government objected. Two Amended Judgments are entered contemporaneously herewith.

For the foregoing reasons, the Government's Unopposed Motions to Correct Clerical Error in Statement of Reasons (Doc. Nos. 35, 51) are **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE